**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3598
_____

LINDSWORTH BROWN-SESSAY,
                                        Petitioner

VS.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A076-576-183)
Immigration Judge:  Honorable Leo A. Finston
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 22, 2013

Before: SCIRICA, JORDAN and GREENBERG, Circuit Judges

(Opinion filed:  March 27, 2013)
_____

OPINION
_____

PER CURIAM

Lindsworth Brown-Sessay ("Sessay"),[1] a native and citizen of Jamaica who is proceeding pro se, petitions for review of the Board of Immigration Appeals' ("BIA") final order of removal. For the reasons that follow, we will dismiss the petition in part and deny it in part.

I.

Because we write primarily for the parties, we discuss the background of this case only briefly. Sessay entered the United States as a nonimmigrant visitor in 1994, and adjusted status to lawful permanent resident four years later. In 2001, he pleaded guilty in federal court to armed bank robbery and related offenses. In 2011, the Department of Homeland Security initiated removal proceedings against him, charging him with being removable for, inter alia, having been convicted of an aggravated felony. See 8 U.S.C. § 1227(a)(2)(A)(iii). Sessay, through counsel, conceded the charges of removability and ultimately applied for relief under the Convention Against Torture ("CAT"). His CAT claim centered around "his assertion that in 1999 he was involved in a drug trafficking scheme involving a high-ranking Jamaican police official who threatened him when the scheme went wrong and $200,000 worth of drugs went missing." (A.R. at 4.)

After holding a merits hearing over the course of two days, the Immigration Judge ("IJ") denied CAT relief and ordered Sessay's removal to Jamaica. In doing so, the IJ concluded that Sessay "has not offered believable, consistent testimony," and that, "even were the Court to find him credible, [he] has failed to meet his high burden of proving

---

[1] Brown-Sessay's filings refer to himself as "Sessay," and we will do the same here.

that it is more likely than not he will be tortured upon return to Jamaica by or with the acquiesce[nce] of the Jamaican officials." (Id. at 96.) On appeal, the BIA upheld the IJ's denial of CAT relief, concluding that, even if Sessay were deemed credible, his CAT claim failed because he had not met his burden of proof.

Thereafter, Sessay filed the instant petition and moved to stay his removal pending our resolution of the petition. We denied that stay motion, and later denied his related motion for reconsideration. His petition is now before us for disposition. The Government argues that the petition should be dismissed for lack of jurisdiction.

II.

Although "we generally do not have jurisdiction to review an aggravated felon's removal order," Brandao v. Att'y Gen. of the U.S., 654 F.3d 427, 428 (3d Cir. 2011) (citing 8 U.S.C. § 1252(a)(2)(C)), we nonetheless retain jurisdiction to review "constitutional claims or questions of law raised upon a petition for review." 8 U.S.C. § 1252(a)(2)(D). "Our jurisdiction in that respect is narrowly circumscribed in that it is limited to *colorable* claims or questions of law." Pareja v. Att'y Gen. of the U.S., 615 F.3d 180, 186 (3d Cir. 2010) (emphasis added) (internal quotation marks and citation omitted). A constitutional claim or question of law is not colorable if "'it is immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous.'" Id. (quoting Arbaugh v. Y & H Corp., 546 U.S. 500, 513 n.10 (2006)).

Here, Sessay's brief presents a host of arguments that can be construed as asserting a legal or constitutional challenge to the agency's decision. We agree with the

3

Government that a subset of those arguments fails to present a colorable claim. Accordingly, we must dismiss that portion of Sessay's petition for lack of jurisdiction.

Although Sessay's remaining arguments do present colorable claims, we conclude, after careful consideration, that none of those claims entitles him to relief. Contrary to his assertion, the BIA's analysis of his CAT claim applied the appropriate standard of review and followed the framework set forth in Kaplun v. Attorney General of the United States, 602 F.3d 260, 271 (3d Cir. 2010). Additionally, we are not persuaded by his claim that the agency failed to consider all of his evidence. Nor are we persuaded by his suggestion that the IJ should have further developed the record by questioning him about certain facts undergirding his CAT claim. Although an IJ is certainly permitted to question the alien during a merits hearing, see 8 U.S.C. § 1229a(b)(1), it was Sessay's counsel, not the IJ, who bore the responsibility of developing Sessay's CAT claim.[2] See Abulashvili v. Att'y Gen. of the U.S., 663 F.3d 197, 207 (3d Cir. 2011) (stating that an IJ "has a responsibility to function as a neutral, impartial arbiter and must refrain from taking on the role of advocate for either party") (quotation marks and citation omitted).

In light of the above, we will dismiss Sessay's petition in part and deny it in part. To the extent Sessay reiterates his request for a stay of removal, that request is denied as moot. To the extent he seeks oral argument, that request is denied as well. As for his request that he be released from immigration custody on bond, that request is not

---

[2] Sessay does not claim that his counsel was ineffective.

properly raised here.  If he wishes to challenge the legality of that custody, he may file a habeas petition pursuant to 28 U.S.C. § 2241 in the appropriate federal district court.  <u>See</u> <u>Bonhometre v. Gonzales</u>, 414 F.3d 442, 446 n.4 (3d Cir. 2005).  Finally, to the extent he wishes to apply for a waiver of inadmissibility under 8 U.S.C. § 1182(h), he may move the BIA to reopen his removal proceedings on that basis.  We express no opinion on his likelihood of obtaining habeas relief or succeeding on a motion to reopen.